IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40448
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIO TREVINO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-95-CR-171-S2-01
- - - - - - - - - -
March 10, 1998
Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dario Trevino was found guilty by a jury of conspiracy to possess with intent to distribute 12 kilograms of cocaine in violation of 21 U.S.C. § 846. Trevino asserts that there was insufficient evidence to support his conviction. Trevino's entire argument is that his presence at the crime scene was not sufficient to support his conviction for conspiracy.

To prove the drug conspiracy charge, the Government was required to establish beyond a reasonable doubt (1) that a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy existed, i.e., that two or more people agreed to violate the narcotics laws; (2) that the defendant knew of the conspiracy, and (3) that the defendant voluntarily participated in the conspiracy. United States v. Cardenas, 9 F.3d 1139, 1157 (5th Cir. 1993). Contrary to Trevino's argument, the Government presented more than the undisputed evidence that Trevino was at the crime scene; it also presented the testimony of co-conspirator Gonzalez that Trevino was part of the conspiracy.

Although Trevino challenges Gonzalez's credibility, the evidence presented at trial, including all reasonable inferences and credibility choices, must be viewed in the light most favorable to the verdict. See United States v. Alix, 86 F.3d 429, 435 (5th Cir. 1996); United States v. Ivy, 973 F.2d 1184, 1188 (5th Cir. 1992). Gonzalez's testimony as to Trevino's involvement in the drug conspiracy does not conflict with Trevino's admitted presence at the scenes where the conspiracy was accomplished. Gonzalez's testimony is sufficient to prove that Trevino voluntarily entered into the drug conspiracy. See United States v. Casilla, 20 F.3d 600, 603 (5th Cir. 1994).

AFFIRMED.